## Wabash Avenue.

*Practice, Superior Court—Appeals—Assignments of error.*

An assignment of error to the effect that the court erred ". in dismissing the exceptions to the report of viewers," without setting forth any of the exceptions, violates Rule XIV of the Superior Court.

*Road law—Paving and grading—Ordinances—Contracts—Different portions of same street.*

A city may elect by separate ordinances and separate contracts to pave and grade different portions of the same street. If it does so, property abutting on one portion cannot be assessed for the improvement on the other portion.

Councils of a city have the sole right to designate what streets shall be paved and the character of the paving.

A contract between a city and those who do work for it is not made invalid, although it may become improvident, because of a covenant that the city shall have power to add to or diminish the work called for by the specifications.

After a city has accepted a paved street from a contractor, a property owner cannot escape payment of his assessment for the paving because of irregularities in the details of the manner of advertising and bidding, if there has been no bad faith in awarding the contracts.

Argued May 5, 1904. Appeal, No. 115, April T., 1904, by J. H. Covert, from order of C. P. No. 1, Allegheny Co., June T., 1903, No. 963, dismissing exceptions to report of viewers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of viewers.

The exceptions printed were as follows :

3. The city of Allegheny has no authority in law to award damages for the grading of a street and assess said damages on abutting properties, except in one proceeding, which includes the whole of the street on which a grade has been established.

4. The city of Allegheny never authorized the grading, paving and curbing of Wabash avenue in the tenth ward, from Perrysville avenue to Criders' west line, except by ordinance providing for but one contract, which ordinance is dated December 30, 1899, and a true and correct copy of which is attached to the petition for the appointment of viewers at this number and term, but said city of Allegheny, without any authority authorizing it thereto, awarded the contract for the grading, paving and curbing of Wabash avenue to two different contractors under two different contracts, all of which is illegal and void.

5. The city of Allegheny exhausted its power to make assessment for the grading, paving and curbing of Wabash avenue, between Perrysville avenue and Criders' west line when it had viewers appointed at No. 579, August T., 1901, to assess the benefits due to the grading, paving and curbing between Perrysville avenue and the old Franklin road.

The court in an opinion by MACFARLANE, J., dismissed the exceptions.


*Errors assigned* were in the following form :

The learned court below erred in the following particulars :

1. In dismissing the exceptions to the report of the board of viewers.

2. In confirming the viewers' report absolutely.


*T. B. Trimble*, for appellant, cited : Erie v. Moody, 171 Pa. 610 ; Interstate Vitrified Brick & Paving Co. v. Philadelphia, 164 Pa. 477 ; Reuting v. Titusville, 175 Pa. 512 ; Mazet v. Pittsburg, 137 Pa. 548 ; Nash v. City of St. Paul, 11 Minn. 174 ; Marshall v. Allegheny City, 59 Pa. 455.


*Craig Smith*, with him *S. G. Porter* and *W. W. Stoner*, for

appellee, cited : McKnight v. Pittsburg, 91 Pa. 273 ; Pittsburg v. MacConnell, 130 Pa. 463 ; Erie v. Bier, 10 Pa. Superior Ct. 381.

OPINION BY PORTER, J., October 17, 1904 :

The assignments of error in this case might properly be quashed. The first assignment complains that the court below erred, " in dismissing the exceptions to the report of the board of viewers." This is a clear violation of Rule XIV of this court, for there seem to have been many exceptions filed by the appellant in the court below ; he prints three in his paper-book \here, and under them his learned counsel have argued several distinct questions. When this record is remitted to the court below the record of this court will not show what questions were attempted to be raised. The second and only remaining specification of error is that the court erred " in confirming the viewers' report absolutely." It was conceded that the report of viewers was in all respects regular upon its face, and the only questions argued in this case went to the alleged errors involved in the dismissal of the exceptions by court below.

The plaintiff has printed only the third, fourth and fifth exceptions filed by him in the court below, and our inquiry is necessarily limited to the questions raised by those exceptions. The third exception challenges the authority of the city to grade a street, " except in one proceeding, which includes the whole of the street on which a grade has been established." The answer to this exception is to be found in the Act of April 28, 1899, P. L. 100, which confers upon every municipal corporation power " to grade, pave, curb, macadamize and otherwise improve any public street or public alley, or part thereof, within its corporate limits," and provides for the assessment of the costs and expenses of such improvements.

The " fourth exception " avers that the city of Allegheny never authorized the grading, paving and curbing of Wabash avenue, from Perrysville avenue to Crider's west line, except by ordinance providing for but one contract, which ordinance is dated December 30, 1899, but that the city, without any authority authorizing it thereto, awarded the contract for the grading, paving and curbing of Wabash avenue to two differ-

ent contractors under two different contracts, " all of which is illegal and void." An examination of the ordinances demonstrate that the ordinance of December 30, 1899, did not authorize the grading, paving and curbing of Wabash avenue ; it merely authorized and directed the department of public works to advertise for proposals for the grading, paving and curbing of Wabash avenue, from Perrysville avenue to Crider's west line, in accordance with specifications prepared by said department. That ordinance was tentative only, and committed the city to nothing. The power to ordain that the street should be graded and paved had not been exercised, and the advertisement for proposals for the work was manifestly for the purpose of ascertaining what the probable cost would be before the city took any definite action in the matter. The power to enter into any contract for the grading and paving of streets, by cities of the second class, was at that time vested exclusively in the city councils. This ordinance did not attempt to delegate the power to enter into a contract; the whole matter was to be returned to councils for the information of those bodies. The councils of the city, by an ordinance duly enacted, approved by the mayor January 25, 1900, " authorized and instructed the director of the department of public works to enter into a contract with James McAfee & Co. for the grading, paving and curbing of Wabash avenue, from old Franklin Road to Crider's West Line, according to specifications," etc. This ordinance contained the following provision : " The cost and expense of said improvement to be assessed and collected in accordance with the provision of the acts of assembly in such cases made and provided." The second section of the ordinance repealed so much of any ordinance as was in conflict with its provisions, and if there is any conflict between it and the ordinance of December 30, 1899, the latter was to that extent repealed. This was the only ordinance which authorized the grading and paving of that part of Wabash avenue upon which the appellant's property abuts, and the work was done under it. This contract was let on April 11, 1900, and four days later, on April 15, another contract under another ordinance was let to another contractor for the grading and paving, with a different material, of that part of Wabash avenue between Perrysville avenue and the old

Franklin road. The improvements upon these two parts of the street were authorized by different ordinances and carried on as separate and distinct proceedings. The city had authority to proceed in this way, and the defendant was certainly not prejudiced by the manner in which the power was exercised. The part of the street from Perrysville avenue to the old Franklin road was only 180 feet in length, but there was upon it a heavy cut, and the street was so steep that the councils determined in the exercise of their discretion that an expensive blockstone pavement was the best for that part of the street, which fact is by the defendant admitted to be true. A separate board of viewers was appointed in another proceeding to adjudicate the damages and benefits arising from the execution of this distinct undertaking, and the cost of that improvement and the damages resulting to property from its execution were judicially determined to be $4,023.06, of which amount the city was compelled to pay $3,823.06, the abutting property being of such a character that it was benefited to only the amount of $200. No attempt was ever made to assess any part of the expenses and damages resulting from the execution of the work between Perrysville avenue and the old Franklin road against the property of the appellant or any other property abutting upon that part of the street covered by the ordinance under which the contract was let to McAfee. The effect, therefore, of the action of the city, in dividing Wabash avenue into two parts and making the improvement of those parts distinct and separate undertakings, was to relieve the property of the appellant from all danger of assessment for the work upon that short part of the street which was proportionally the far more expensive.

The fifth exception avers that the city "exhausted its power to make assessments for the grading, paving and curbing of Wabash avenue, between Perrysville avenue and Crider's west line when it had viewers appointed at No. 579, August term, 1901, to assess the benefits due to the grading, paving and curbing between Perrysville avenue and the old Franklin road." The city had elected to improve the part of Wabash avenue upon which appellant's property abuts as a separate and distinct undertaking, and no property is liable to assessment which does not abut upon the part of the street which is the subject of that

undertaking: Morewood Avenue, 159 Pa. 20. The viewers appointed to assess the damages and benefits due to the grading, paving and curbing between Perrysville avenue and the old Franklin road were without authority to consider the effect of that improvement upon property fronting on any other part of Wabash avenue, and without jurisdiction to make any assessment against such property.

The regularity of the advertisement for bids or proposals for the work which was done under the McAfee contract does not properly arise under any of the assignments of error here presented, although the question has been earnestly argued by counsel. The contention is that the manner in which the contract was let involved a disregard of the provision of the Act of May 23, 1874, P. L. 230, which requires that "work to be done for the city shall be performed under contract to be given to the lowest responsible bidder, under such regulations as shall be prescribed by ordinance, and it shall be the duty of councils forthwith to enact such ordinance." Counsel filed an agreement as to certain facts in the court below, which is, however, so incomplete as to make it impossible for us to satisfactorily consider this question. The agreement sets forth that there was an advertisement for proposals for the grading, paving and curbing of Wabash avenue, and that the notice contained a reference to specifications for the work, to be seen at the office of the bureau of engineering and surveys, but no copy of the notice is attached to or embodied in the agreement. The specifications were for different kinds of paving, and there is no allegation that they were not full and complete as to each of the various kinds. The effect of this was to bring into competition the several kinds of pavement, and, at the same time, reap the advantage of the rivalry between prospective contractors for each of the several kinds: Attorney-General v. Detroit, 26 Michigan, 263. Councils of a city have the sole right to designate what streets shall be paved and the character of the paving: Philadelphia v. Dibeler, 147 Pa. 261. The agreement of counsel specifically states that the bid of McAfee & Company was the lowest for the kind of pavement which the councils adopted for that part of the street, and it is admitted that the work was well done. The letter of the statute thus seems to have been complied with. If there was any irregularity in the advertise-

ment or letting, it must have been because the ordinance of the city relating to that subject-matter had not been complied with, yet we find no such ordinance printed in this paper-book. The specifications to which the advertisement for proposals called attention and upon which the contract was based contained this provision: " The estimated quantities for grading, paving and otherwise improving as shown above, . . . . are to be considered and taken as approximate and the right is expressly reserved by the party of the first part ( the city) to this agreement, to increase or diminish the said quantities. Nor shall any change of grade, alignment, or otherwise, vitiate, annul or impair the contract made and entered into relative to said work, nor constitute any claim for compensation on account of prospective profits. The contractor shall be paid for the amount of work actually performed, at the rate specified in the proposal therefor, and annexed to this contract as part thereof." The bids were for excavation by the cubic yard, curbing by the lineal foot, paving by the square yard, and so as to the other items in detail. The bids were for the whole street from Perrysville avenue to Crider's west line, but were subject to the right of the city to diminish the work to be done, as set forth in the above recited provisions and specifications. A contract between a city and those who do work for it is not made invalid, although it may become improvident, because of a covenant that the city shall have power to add to or diminish the work called for by the specifications: Filbert v. Philadelphia, 181 Pa. 530. Even if the contract had been let to McAfee for the paving of the whole street, at the rate mentioned in his bid for the various materials, and by a mutual arrangement, without fraud or bad faith, that end of the street between Perrysville avenue and the old Franklin road had been excepted out of the operation of the contract, the appellant would not have been relieved from liability for his proportion of the cost of the improvement actually executed; Erie v. Moody, 171 Pa. 610. The utmost that can be asserted against the manner in which the bids were advertised for and received in this case is that because of the provision in the specifications in question, bidders were required to make proposals for a certain amount of work, subject to the right in the city to accept the bid for a part of the whole. The objection is not that the contract was

not let to the lowest bidder, nor that there was an absence of advertisement, but it goes only to the details of the manner of advertising and bidding. The appellant waited until the work was completed ; he filed no exception to the finding of the viewers that the work was worth the price charged for it; he now attempts to escape payment of any share of the cost of the improvement which has resulted in a benefit to his property. There is no suggestion of bad faith in awarding the contract, and, if there were irregularities in the details of bidding, the city having accepted the work, it is not competent for the defendant to raise questions between the city and its contractor, touching such irregularities : Brientnall v. Philadelphia, 103 Pa. 156 ; Philadelphia v. Gorgas, 180 Pa. 296 ; Erie v. Bier, 10 Pa. Superior Ct. 381.

The judgment is affirmed.