## Philadelphia to use *v.* Street, Appellant.

*Road law—Municipal liens—Contract—Act of June 4, 1901, P. L. 364.*

1. Where a city ordinance provides for the paving of three blocks of a street, the work to be begun on one block which was ready and to progress as the others were made ready, " the intent being that the completion of the pavement on each square shall be the completion of the improvement as authorized by ordinance," the contractor has a right to a lien for the paving of the first block as soon as the block is finished, and he is not deprived of such lien by the fact that before he did the work he required the property owners in the block each separately to agree that they would not interpose any defense to assessments against their property based on the ground that the whole of the three blocks had not been finished.

2. Under the Act of June 4, 1901, sec. 10, P. L. 364, where the proper officer of the proper department of the city certifies as to the date of the completion of the paving of the street, the property owner cannot resist the payment of an assessment, on the ground that the lien was not filed "within six months after the completion of the improvement," where the date of completion stated in the certificate, showed that the lien was filed within the six months.

Argued Oct. 7, 1909.   Appeal, No. 68, Oct. T., 1909, by defendant, from order of C. P. No. 1, March T., 1908, No. 923, M. L. D. making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia, to use of The Barber Asphalt Paving Company, v. Harris Nelson Street, former owner, and William Wilfong, present registered owner.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

504    PHILADELPHIA *v.* STREET, Appellant.

Statement of Facts—Opinion of the Court.    [41 Pa. Superior Ct.

Scire facias sur municipal lien.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*William White, Jr.,* and *Charles Henry Jones,* for appellant.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellee.

OPINION BY HEAD, J., March 3, 1910:

The improvement on account of which the lien in this case was filed was begun and completed in the fall of 1907. Unless the city had lost or waived its ordinary right to assess the abutting properties with the cost thereof to the extent of the special benefits derived therefrom, it had the further right under the Act of April 4, 1907, P. L. 40, to enforce the payment of such assessment "by lien or by action of assumpsit."

The improvement was the paving of Chestnut street between Fifty-eighth and Fifty-ninth streets in the city of Philadelphia. The appellant, Wilfong, one Michaelson and Snellenberg owned all of the land on both sides of Chestnut street in the block designated. As early as 1904 the city councils had enacted an ordinance authorizing the paving of Chestnut street from Fifty-sixth to Fifty-ninth streets. It may be conceded for the sake of argument that under this ordinance the improvement contemplated covered the entire three blocks of Chestnut street. It further appears from the record that up until 1907 nothing had been done in pursuance of this ordinance because the preliminary work that necessarily preceded the paving had not yet been done along the entire distance covered by the ordinance. The block, however, between Fifty-eighth and Fifty-ninth streets was ready, and the property owners on that block were anxious that the work should proceed. Accordingly, on October 29, 1907, the city councils enacted an ordinance, amending that of 1904, reciting the conditions which had caused the delay and ordaining that the proper department should proceed to pave each square in

Chestnut street between Fifty-sixth and Fifty-ninth streets "as soon as the underground structures are completed in a given square, and the bureau of surveys is hereby authorized to make measurements and furnish bills for the paving of each square immediately after the completion of the paving, the intent being that the completion of the pavement on each square shall be the completion of the improvement as authorized by ordinance."

No argument is made, nor is any authority cited which would warrant us in adopting the conclusion that the city was in any way lacking in power to enact this ordinance. If it had such power, it seems clear enough that the improvement, upon which the city could found a valid municipal claim against the property owner, was the paving of a single square.

Notwithstanding the passage of this ordinance, the use plaintiff, to whom a contract had been given for the paving of the entire three squares under the original ordinance, was reluctant to proceed for fear that the abutting property owners on any one square paved would resist the right of the city to collect any assessments until the entire work contemplated by the original ordinance had been completed.

With matters in this condition, and for the purpose of inducing the paving company to proceed promptly with the work on the block bounded by Fifty-eighth and Fifty-ninth streets, the defendant and the other two persons named, being all of the abutting property owners on both sides of the street in that block, entered into written agreements, on the strength of which the paving company, the use plaintiff, began and promptly completed the paving of that square. These several agreements, as we understand the facts, were identical in terms. The one executed by Snellenberg has been made part of the record before us. It recites the existing conditions already adverted to and provides that said Snellenberg "does hereby covenant, promise and agree to and with the said company that in case the said work shall be done by the company he will not interpose any defense to the collection of the sum which may be assessed against his property for the cost of said paving by reason of the fact that the whole of the work from

Fifty-sixth street to Fifty-ninth street has not been done, but only so much of it has been done which lies between Fifty-eighth street and Fifty-ninth street." He further agreed that upon the presentation of a proper bill at a specified rate per square yard "against his property, made out and certified by the proper officials authorized and empowered so to do, he will forthwith pay the amount of said bill to the paving company without delay."

At some time between the date of the execution of this agreement and the filing of the lien in suit, Snellenberg sold and conveyed a portion of his property fronting on this block to Harris Street, who in turn sold and conveyed it to Wilfong, one of the original owners who had signed an agreement identical with the one quoted. Snellenberg did not pay to the paving company the portion of the cost of paving that would be properly assessed to the frontage which he had sold, and the paving company, the use plaintiffs, filed this lien.

To the scire facias issued thereon the appellant filed an affidavit of defense and sets up therein in the first place that the filing of the lien was premature because, as he avers, the work was done under the ordinance of 1904, and the act of June 4, 1901, sec. 10, provides that the lien must be filed "within six months after the completion of the improvement." The lien filed by the city declares that the work was done under the ordinance of 1904 and the amending ordinance of 1907. As already stated, no reason has been urged nor authority cited to show that the ordinance of 1907 was not effective in determining the improvement for which a lien could be filed. But apart from this the lien further recites that the proper officer of the proper department of the city of Philadelphia had duly certified that the improvement was completed December 20, 1907. Section 10 of the act of June 4, 1901, P. L. 364, already cited, provides, "The certificate of the surveyor, engineer or other officer supervising the improvement, filed in the proper office, being conclusive of the time of completion thereof (of the improvement), but he being personally liable to any one injured by any false statement therein." This legislative provision seems to leave no room whatever for the

interposition of the defense mentioned, and the learned court was therefore right in declining to regard it as sufficient to prevent judgment.

It is alleged further in the affidavit that because of the fact that agreements were signed by the property owners in which each bound himself personally to pay his proper share of the cost of the improvement, and because the paving company, on the strength of these agreements, proceeded to do the work, the city and its assignee, the use plaintiff, have waived or lost any right to file a lien, but must depend solely on these agreements and seek payment from those who signed them. This theory seems to us to be wholly untenable. The agreements conferred no new right upon the city which, by virtue of the act of assembly, could have charged either the property or the person of the owner at pleasure, nor did they impose any new or additional responsibility upon those who signed them. A glance at the language of the agreements is sufficient to show that the main purpose of the paving company in demanding such contracts was to estop the property owners from asserting a possible defense to the liens that might thereafter be filed, and subject the paving company to the costs and delay of litigation. We can see no evidence in the agreement filed that the city or the use plaintiff intended to relinquish the right of lien, or that the property owners demanded or expected any such relinquishment. On this ground also we think the learned court below was right in determining the affidavit of defense insufficient to prevent judgment.

Finally, it is averred that the filing of this lien is the offspring of an unlawful or fraudulent confederation between the use plaintiff and Snellenberg to compel the appellant to pay a portion of the assessment which Snellenberg originally bound himself to pay. It is difficult to see how the exercise of a clear legal right by the use plaintiff should be restrained even if the consequences should be the payment of a sum of money by Wilfong, which, as between him and Snellenberg, the latter ought in equity to pay. Manifestly the reason why these property owners sought to advance the prosecution of the improvement in front of their properties was the enhancement in

value that would result therefrom to these properties. Each was to pay in proportion to the frontage owned by him which would thus be benefited. When one of these owners, during the progress of the work, parted with a portion of his property which would thus be benefited, we can see nothing illegal or immoral in the proposition that the purchaser who took the benefited property should pay, pro tanto, the cost of the improvement in relief of the seller. How this was arranged between Snellenberg and Street, to whom he sold, the record does not disclose, nor is it material. But when Wilfong came to buy he knew all of the conditions under which the improvement had originated. He knew that if the owners of the property did not voluntarily pay, the city could enforce such payment by filing a lien against the property. He could have perfectly protected himself by making such inquiry as the facts then within his knowledge necessarily invited. He seems to have made such inquiry of his immediate vendor and rested content with such information as he received. But neither the city nor the use plaintiff could thereby lose an existing right. An inquiry directed to either of them would have elicited the true state of the facts, and the appellant cannot well blame anyone but himself if he did not thoroughly inform himself on this subject before purchasing.

We are all of the opinion that the appeal is without merit and that the learned court below was right in entering judgment for the plaintiff for want of a sufficient affidavit of defense.

Judgment affirmed.