## City of Philadelphia *v.* Ramsay, Appellant.

*Municipal liens—Assessments for paving—Front foot rule.*

A city may assess the cost of paving a street upon the abutting property owners according to the "front foot" rule, and without specifying the actual number of square yards of pavement in front of any particular property. The amount due from each owner is for the proportion of the cost of the whole improvement, which the frontage of each property bears to the entire frontage paved.

*Municipal liens—Averments in claim—Sufficiency.*

An averment, that the lien claimed against the premises described is for a certain number of square yards of pavement amounting to a certain sum of money, is not necessarily an allegation that that number of square yards of paving has been done directly in front of the property assessed, but is simply a statement that the property was liable for that number of square yards, in proportion to the total amount of paving done in the street. Where there is sufficient evidence to prove that the amount assessed was the proportionate share of the whole improvement, the lien is not defective.

Argued Dec. 10, 1918.    Appeals, Nos. 282 and 283, Oct. T., 1918, by defendant, from judgments of C. P. No. 3, Philadelphia Co., Dec. T., 1911, M. L. D. Nos. 1675 and 1676, on verdict for plaintiff in case of City of Philadelphia to use of Barber Asphalt Paving Company v. Allen N. Ramsay.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.    Affirmed.

Scire facias sur municipal lien for street paving.    Before FERGUSON, J.

The facts appear by the opinion of the Superior Court.

The court directed a verdict for plaintiffs and judgment was entered thereon for $20.96 and $221.12.

*Errors assigned* were in directing verdict for plaintiff and entering judgment thereon.

*E. Spencer Miller,* and with him *John W. Frazier, Jr.,* for appellant.—The property assessed did not front on the street on which the paving was done and a lien could not be filed: Morewood Avenue, 159 Pa. 20; Orkney Street, 194 Pa. 425; Beechwood Avenue Sewer, 179 Pa. 490; Re Fifty-fourth Street, 165 Pa. 8; Verona Borough's App., 4 Pa. Superior Ct. 608; Cooper v. Bellevue Borough, 51 Pa. Superior Ct. 597.

The averments in the lien were not sufficient: Freeport Borough v. Miller, 34 Pa. Superior Ct. 395; Brent v. Hartrick (No. 1), 60 Pa. Superior Ct. 507.

The property had already been assessed for improvements: City of Harrisburg v. Segelbaum, 151 Pa. 172; Philadelphia v. Eddleman, 169 Pa. 452; Philadelphia v. Gowen, 202 Pa. 453; Chester v. Evans, 32 Pa. Superior Ct. 641; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Philadelphia v. Edmonds, 59 Pa. Superior Ct. 318; Philadelphia v. Kerchner, 62 Pa. Superior Ct. 562; Pottsville v. Jones, 63 Pa. Superior Ct. 180; Philadelphia v. Edmonds, 64 Pa. Superior Ct. 469.

*Walter Biddle Saul,* for appellee, cited: Scranton v. Koehler, 200 Pa. 126.

OPINION BY PORTER, J., July 17, 1919:

These two appeals by the defendant are from judgments entered upon verdicts in actions of scire facias upon municipal claims for paving the cartway of Fifty-first street, in the City of Philadelphia. The assessments upon which the claims are founded were made under the foot-front rule, and there was nothing in the evidence to indicate that the property abutting upon the street was

rural, not urban, which would render the application of that manner of assessment for the cost of the paving of the cartway invalid. The defense was upon the ground that the new pavement of the cartway in front of these particular properties was not of the same width as that in front of other properties abutting upon the line of the improvement. Prior to the location and opening of the street for the paving of the cartway of which these liens were filed Fifty-first street, which ran nearly north and south, had terminated at the line of the right-of-way of the West Chester & Philadelphia railroad, almost in front of the property of the appellant.

The cartway of that street had been paved and the cost of that improvement had been assessed upon abutting property, and a part of the sidewalk had also been paved. The street ended in a cul-de-sac at the line of the right-of-way of the railroad. Warrington avenue, a street running almost east and west, also ended in a cul-de-sac at the line of the railroad, and the cartway of that street had also been paved. The city located and opened a new highway, extending along the north side of the railroad, from Fifty-first street to Warrington avenue, thus connecting the two streets named, and this new highway it called Fifty-first street, treating it as an extension of the old street. The plan offered in evidence by the appellant indicates that the line of the new street involved a departure from the course of the old part of Fifty-first street of probably forty degrees, while the angle between the courses of the new street and Warrington avenue is somewhat greater but still considerably less than a right angle. The space occupied by the cart-way of the new highway, between the old pavement on Fifty-first street and that on Warrington avenue was not a rectangular parallelogram. The length of the new curb line on the north side of the street was considerably greater than that on its south side, next to the railroad. The city paved the entire new part of the cartway, but did not pave, nor attempt to collect for, the parts of the

cartways of old Fifty-first street and Warrington avenue, which had formerly been paved. The new pavement ended in an acute angle at the north curb line next to old Fifty-first street and at an angle slightly less acute at the Warrington avenue end, so that there was less actual paving done opposite the properties at the ends than there was in front of those at the middle of the square. The property of the appellant is located next to old Fifty-first street, and in front of one of his lots, which has a frontage of only between three and four feet upon the new part of the street, there was but little paving done, while in front of the other lot there was less new paving done than in front of the lots at the center of the square. He contends that, upon this state of facts he ought not, under the claim as filed, to pay the proportionate part of the total cost of the improvement, which the frontage of his lots bears to the total frontage upon the street.

The proceeding which had resulted in the location and opening of the street leading from Fifty-first street to Warrington avenue has been referred to as a relocation or change of Fifty-first street. This it was not, no part of Fifty-first street was vacated, a highway was opened from Fifty-first street to Warrington avenue; the city might have called it Warrington avenue or given it some other name, but by whatever name it was called it was a new highway. It took a considerable part of one of the defendant's lots and cut a corner off the other lot, each of the lots had a frontage upon the new street. The defendant may or may not have recovered his damages for this taking of his property, but that is a matter with which we have nothing to do. The city offered in evidence the claims filed, which were in all respects regular and prima facie evidence of the averments therein contained: Phila. v. Richards, 124 Pa. 303; Erie City v. Willis, 26 Pa. Superior Ct. 459. The defendant called as a witness the district surveyor of the city who had made the assessment and his testimony developed the facts hereinbefore stated as to the peculiar shape of the surface of the cart-

way of the street which had been paved.  He testified that he had taken the total amount of the new paving between what was formerly the northeast curb line of Fifty-first street and the northwest curb line of Warrington avenue and assessed that pro rata among the frontage on both sides of the new street, that there had been some repairing of the old pavement at the Fifty-first street end, but that was paid for by the city and that no portion of the pavement for the cost of which the assessment was made had been formerly paved. . He said that the assessment was made against each lot for the proportion of the whole area of the paving of the cartway which its frontage bore to the entire frontage on the street, and not for the portion of the paving actually in front of that lot.  He distinctly testified that the lots of the appellant had the frontage upon the new work for which they had been assessed, and in the assessment allowance was made to the Ramsey property for the portion of the footway that formerly existed.  There being nothing in the evidence to warrant the suggestion that the property abutting upon the street was not of the character which rendered it subject to assessment under the foot-front rule the fact that there were triangular spaces upon the south side of the street at each end thereof which were not included in the improvement because they had been formerly paved, and that the new pavement was not of the same width throughout the entire street, did not render the assessment invalid.  When the assessment is under the foot-front rule the lots do not pay for the work done immediately in front thereof, but for the proportion of the cost of the whole improvement which their frontage bears to the total frontage: Scranton v. Koehler, 200 Pa. 126.

The learned counsel for the appellant argues that the claim filed by the city in this case purporting to charge the property of the defendant for the cost of the work done immediately in front thereof, and that the evidence as to the manner in which the assessment was made varied from the allegations of the claim.  The claim filed

averred that Fifty-first street in front of said lot of ground had been paved under the authority of an ordinance of the council, which it set forth, that a contract for the work had been duly let and that the work had been done within six months last past, then comes the averment which is alleged to be defective: The following is a statement of the kind and character of work so done and the price charged for same, namely: "For 97.43 square yards of cartway pavement with sheet asphalt, at $1.56 per square yard, $151.99, which said sum of one hundred fifty-one dollars and ninety-nine cents was duly assessed against said above described premises on the sixth day of July 1911, and for which said sum, with interest and costs, a lien is claimed against the above described premises agreeably to the provisions of the Act of Assembly in such case made and provided." This is not an allegation that the number of square yards of paving mentioned was done directly in front of defendant's property, it is simply an averment that the property of the defendant was liable to pay for that number of square yards of pavement at the price stated, the averment is not that the paving was assessed but the $151.99 was assessed against the property. The manner of ascertaining the amount which a property is to be required to pay suggested by this averment in the lien, seems to have been in the mind of the witness who testified as to how the assessment was made, when he said: "I took the amount of new paving between what was formerly the northeast curb line of Fifty-first street and the northwest curb line of Warrington avenue and assessed that pro rata among the frontage on both sides of Fifty-first street." This indicates that the assessor first ascertained how many square yards of paving were in the total area, divided that by the total number of feet frontage, thus ascertaining how much paving each foot of frontage ought to pay for and allotting to each property the share determined by its frontage and having thus arrived at the number of square yards that each lot ought to pay for, he multiplied that

185, (1919).]        Opinion of the Court.

by the price to be paid per square yard and so determined the amount of money which each property was to pay. This may be a rather awkward and complicated manner of going about it, but the result arrived at is precisely the same as if he had taken the total cost of the paving, divided that by the number of feet of the total frontage, thus obtaining the assessment per foot-front, and then assessed each lot for the amount of its frontage. They are merely different ways of fixing the amount, but the result is the same. We may here observe that the averment of this claim, as to the kind and character of the work for which it was filed, is almost identical with that which was passed upon by the Supreme Court and held to be sufficient in Phila. v. Richards, 124 Pa. 304.

The judgment in each of these appeals is affirmed.