# City of Allentown, Appellant, v. Ott.

*Municipalities—Street paving—Assessment—Front foot rule—Liens—Amendment.*

Where an ordinance provided for the paving of certain streets, and the contract under which the work was to be done was terminated, and later a second contract executed, liens may be filed for the work done under both contracts, and the improvement need not be considered as a whole, but as two separate improvements.

Under the authority of section 35 of the Act of June 4, 1901, P. L. 364, a municipal lien may be amended which incorrectly states the amount recoverable.

Where omissions are made in a municipal lien, even though of material facts, they may be supplied or amended unless new rights intervene or an entirely different property is charged.

Argued December 2, 1924.   Appeal, No. 51, Oct. T., 1924, by plaintiff, from judgment of C. P. Lehigh Co., June T., 1921, No. 159, in favor of defendant, in the case of City of Allentown, to the use of the Barber Asphalt Paving Company, Appellant, v. Joseph C. Ott, owner or reputed owner, or whoever may be the owner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Sci fa. sur municipal lien.   Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Errors assigned* were overruling various exceptions, the findings of fact and conclusions of law, and the decree of the court.

*A. G. Dewalt,* of *Dewalt & Heydt,* and *Frederick Ballard,* of *Ballard, Spahr, Andrews & Madeira,* for appellant.—The city had the right to rescind the contract: Marshall v. Mayor of Allegheny City, 59 Pa. 455; Filbert v. Phila., 181 Pa. 530; Phila. v. Hood, 211 Pa. 189; Wabash Avenue, 26 Pa. Superior Ct. 305; Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 273; Allegheny City v. Blair, 74 Pa. 225; In re Shiloh Street, 165 Pa. 386; Dillon on Municipal Corporation, vol. 2, section 820.

The city had a right to subdivide the contract and the assessment was proper: City of Scranton v. Davidson, 3 Lanc. Jur. 141; Phila. to use v. Street, 41 Pa. Superior Ct. 503; Waln v. Phila., 99 Pa. 337; Michener v. Phila., 118 Pa. 535.

*Oliver W. Frey,* for appellee, cited: Scranton v. Koehler, 200 Pa. 126; Phila. v. Ramsay, 72 Pa. Supe-

rior Ct. 185; Towanda Borough v. Fell, 69 Pa. Superior
Ct. 468, at 472; Township of Scott v. Davis, 77 Pa. Superior Ct. 352, at 356; McKeesport Borough v. Fidler,
147 Pa. 532.

OPINION BY LINN, J., February 27, 1925:

This appeal involves the validity of a municipal claim
filed by the City of Allentown to the use of a contractor
for paving and curbing part of 19th Street along land of
appellee, after a trial in which the learned court below
denied recovery on two grounds: holding (1) that the
claim was a second, and therefore unauthorized, assessment under the ordinance providing for the improvement; and, (2) that the amount claimed was not
calculated on the foot-front basis as required by the ordinance, but was obtained by multiplying the paved area
in front of the abutting property (to the centre-line of
the street) by the contract price per square yard.

Allentown is a city of the third class. In 1916 the city
council passed an ordinance providing for the paving,
and setting of curbs, on a number of designated streets,
one of them, 19th Street from Liberty Street to Roth
Avenue. The appellee, with other abutting owners, had
signed and filed the required petition for the improvement. The ordinance provided for obtaining proposals
to do the work; for paying for it by assessments on
abutting property; for assignment by the city to the
contractor of such assessments in full payment, with
authority, in the name of the city, to file liens therefor
and to collect the cost. The ordinance also provided
that upon approval of the work by designated city authorities, and after and in accordance with notice to the
abutting owner, that the assessment should be made by
the city engineer by the foot-front method and by assigning to each lot the actual cost of the curbing in front
thereof. The ordinance was followed by resolution of
the city council awarding the contract to improve all the
streets designated in the ordinance, to the Barber As-

phalt Paving Company, the use-plaintiff, in accordance with its proposal; a contract dated April 29, 1916, so providing was executed and delivered. Various unit prices applicable in different contingencies, were specified in the contract, but the prices applicable on 19th Street were $1.89 per square yard for paving and 50c per linear foot for the curb. Work was begun. The area to be paved in 19th Street (about 5,185 linear feet) was 22,278 sq. yds. On November 7, 1917, after about 5,676 sq. yds. had been paved, (about 1,344 linear feet of street), and when the curb had been put in for the entire distance from Liberty Street to Roth Avenue, the work was stopped. Two reasons were assigned by appellant for the cessation of work; as appellee concedes one of them, reference to that is sufficient; his brief states "the appellee admits that the paving was postponed by sewer construction on the part of the city......" The evidence justifies the conclusion that the city authorities thereupon treated what had been done up to that time as a completed improvement, for in January, 1918, the real estate abutting on the then paved portion was assessed and liened for the cost of the improvement in front thereof, pursuant to the contract; the filing of those liens was an assertion by the city that the paving of the 1,344 feet of street was a completed improvement, and each claim filed, we assume, contained the statutory averment that the city engineer had certified to the completion of the improvement. Those liens are not before us, though there is evidence that they were filed. From the time when work was stopped until 1920, no paving was done on the remainder of the section covered by the ordinance, but it was not repealed; the ordinance remained in force.

On June 21, 1919, a resolution was adopted, notifying the contractor to discontinue all work under the contract, and this was followed on May 24, 1920, by a resolution formally rescinding the contract. The rescission was accepted by the contractor.

Paving of the remainder of the unpaved section of 19th Street was not resumed until August, 1920, when, pursuant to a resolution of July 26, 1920, the municipal officers were directed to advertise for bids to do it. By resolution, approved August 9, 1920, the contract was awarded to the same contractor,—the use-plaintiff— pursuant to a new bid received in response to advertisement, and a contract dated August 12, 1920, was executed and delivered. The price per square yard of paving was $4.46. These resolutions of the city council, each duly approved by the mayor and certified by the city clerk, were produced by the city clerk, who testified they were, or were taken from, the "official records" of the city; they had the legislative effect of ordinances duly passed, approved and recorded: Third Class City Act of June 27, 1913, P. L. 568, art. VI, sec. 6, P. L. 592; Marshall v. Mayor, etc. of Allegheny, 59 Pa. 455, 462; Fuller v. Scranton, 18 W. N. C. 18; Waln v. Phila., 99 Pa. 330, 337; Roudebush v. Meadville, 241 Pa. 261, 263-4.

The paving under the contract of August, 1920, was completed on November 10, 1920, and was approved and accepted. Thereupon, in compliance with the mandate of the ordinance for the collection of the cost by assessment on the foot-front basis, the city engineer and the proper authorities then assessed the cost of the paving under the contract of 1920 against the real estate on 19th Street abutting on the paving done under that contract. In doing so, however, appellee says (and the learned court below held) that they erroneously charged this abutting real estate with the cost per square yard of paving the area in front of the property (to the centre of the street), thereby charging a sum in excess of what would have been chargeable by dividing the cost of the paving done under the second contract on the foot-front basis. There is not sufficient evidence in the record to enable us to determine whether the amount charged is greater or not. After stating that the claim is filed for

paving the cartway of the street with asphalt, on the west side thereof, in front of the property of appellee, the claim as filed states: "The amount of assessment for which this claim is filed and the costs thereof, is as follows: To 212.63 sq. yds. of cartway paving with asphalt at $4.46 per sq. yd., $947.89; 240 sq. ft. gutter at 45c, $108; 152.13 linear feet curb at 50c, $76.06, [making a total of] $1,131.96." But as Judge PORTER said of an averment quite like that in a lien which came before this court in Phila. v. Ramsay, 72 Pa. Superior Ct. 185, at 190, "This is not an allegation that the number of square yards of paving mentioned was done directly in front of defendant's property, it is simply an averment that the property of the defendant was liable to pay for that number of square yards of pavement at the price stated, the averment is not that the paving was assessed but that [the cost] was assessed against the property." If the paved section of the street involved in the second contract was of uniform width, so that a rectangle was paved, (street intersections being payable by the city) the foot-front rule applied to the total cost will result in the same sum as the product of the area directly in front of the property multiplied by the price per square yard. That coincidence may explain the apparent confusion in the evidence of the city engineer who testified that he did not know and could not answer whether the amount had been arrived at by the foot-front rule, though he had made his calculation on the area basis. When asked what the total cost of the improvement was, he answered that he couldn't tell unless he "were to add up all the separate details here." This was not done; the record, therefore, contains neither the total cost of the paving of this section, nor the total frontage paved or the area of the street intersections, to enable us to make the calculation by the correct method described by Judge PORTER, in Phila. v. Ramsay, supra. If at the retrial of the case, when all the evidence on this subject is presented, it shall appear that the amount is erroneously

stated, it may be corrected by amendment, about which a word shall be said later. Concerning the item called guttering, at 45c per sq. ft., we observe that there is no such item in the contract or in the ordinance; the work to be done was the paving of the street "from curb to curb." As we understand the evidence, the term "guttering" designates the paving in the street immediately adjoining the curb, which, so far as appears, was a mere continuation with the same material, of the rest of the paving in the street; if the evidence shall show that to be the meaning of "guttering" as used in the claim, recovery shall be allowed as part of the paving of the street and not separately. The cost of the curb at 50c per linear foot is not recoverable in this proceeding, as no curbing was done under the second contract.

The municipal legislation already described, indicates that what was done under this contract was considered a separate improvement. Indeed, that appears in the claim filed: "The work for which this claim was filed was done under and by virtue of a contract dated the 12th day of August, 1920, between the City of Allentown of the one part and The Barber Asphalt Paving Company of the other part. The kind and character of the work for which this claim is filed is the paving of the cartway of North Nineteenth Street with asphalt on the west side thereof, in front of the above described property. The date of completion of the improvement for which this claim is filed, as certified by the city engineer, was the 10th day of November, 1920." And the certificate of the engineer "supervising the improvement" is "conclusive of the time of completion thereof": sec. 10, Act of June 4, 1901, amended 1909, P. L. 194.

The reasons given by the learned president judge for refusing recovery are as follows: "The undisputed facts here found raise the question whether a municipal improvement under the ordinance in question can be assessed in any other way than upon what is known as the 'foot-front plan,' involved in which is the question

whether an assessment can be made under one of these contracts without taking into account the other. The assessment in question was made for the cost of the improvement along the property of the defendant without respect to the total cost of the improvement, and the assessment was made under a second contract made by the City of Allentown for the unfinished portion of said improvement, upon a basis of $4.46 per square yard for the paving along defendant's properties, while under a prior contract for a part of the same improvement, property owners along which the work had been finished under said first contract, were assessed upon the basis of $1.89 per square yard. While a city of the third class has power to change contracts for municipal improvements without the consent of property owners located along the line of said improvement, when done in good faith: Marshall v. Allegheny City, 59 Pa. 455; Allegheny v. Blair, 74 Pa. 225; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273, yet where the contracts cover a single improvement under an ordinance providing for payment by the foot-front rule, there can be but one assessment and that must be apportioned among all the property owners in the proportion which the respective frontages bear to the total cost."......"The assessment in question was not made upon the foot-front plan as provided by the ordinance and authorized by the act of assembly governing third class cities, and therefore judgment will have to be entered for the defendant."

For reasons already indicated, we are constrained to differ from that conclusion, as applied to the evidence in the case. The parties acted in good faith. When the first contract was made, the city authorities thought that the work contemplated by the ordinance could be performed as specified in that contract. It turned out that they were mistaken; the construction of a sewer interfered. The municipal authorities then dealt with the situation so presented; they rescinded the contract and the contractor assented. The paving from Roth

Avenue to the point of interference by the sewer was then ended, and their conduct shows that the municipal authorities considered it a completed improvement. "Municipal authorities in the making of street improvements authorized by law to be made at the expense of the owners of lands to be benefited thereby, are to a certain extent the agents of such owners. Contracts lawfully made at the discretion of the authorities, are binding upon the landowners though injudiciously made; but the owners are entitled to have such contracts performed substantially in all things according to their terms, and the authorities have no power to dispense with such performance to the gain of the contractor and the loss of the property owners": Pepper v. Phila. to use of Horter, 114 Pa. 96, 113.

The legal effect upon appellee's land of the conclusion by the city to treat the work done under the first contract as a single and completed improvement, was precisely what his legal situation would have been if the first contract had provided for the improvement of only 1,344 linear feet of the street; for the city was not bound originally to include the whole of a contemplated improvement in one contract: Art. V, sections 2, 10, of the Act of 1913, supra, P. L. 582, authorizes such city "to cause to be......paved......any public street......or part thereof": Wabash Ave., 26 Pa. Superior Ct. 305, 307. It is not disputed that the city had the right with the consent of its contractor to terminate performance. Once terminated, there was no contract for the balance of the work; that could only be done by another contract. Supplementary legislation provided for it. Construction in two sections so resulting from physical conditions subsequently arising, no more inflicted legal injury on an abutting property owner than would have resulted if in the first instance the council had resolved to do the paving in two divisions. The application of the foot-front rule does not require the whole of a proposed improvement to be made under one contract; and dif-

ferent sections of the improvement made under different contracts at different unit prices, may result in different assessments per linear foot in the different sections separately improved. Whether a claim may be filed in the circumstances now under consideration, depends not on whether every abutting owner between Liberty Street and Roth Avenue, is assessed the same price per linear foot, but it depends on the existence of proper municipal authority, properly exercised, for doing the work in the section now involved. The record discloses such authority and action in accordance therewith. This section must be treated by itself. It was therefore proper to file this municipal claim for the cost of the paving completed under the second contract.

Appellee's brief, however, contends that "the amount due from each owner is for the proportion of the cost of the whole improvement which the frontage of each property bears to the entire frontage paved" (citing Scranton v. Koehler, 200 Pa. 126; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273, and Phila. v. Ramsay, 72 Pa. Superior Ct. 185), which is true enough, but the term "whole improvement" there employed means the whole improvement covered by the contract under which the improvement is made. (See Phila. v. Hey, 20 Pa. Superior Ct. 480, at 482). Here the city chose to have the improvement of one section made by one contract, and another by another contract, in circumstances in which the municipal discretion was exercised in good faith. In Phila. v. Street, 41 Pa. Superior Ct. 508, it appeared that in 1904 the city ordained the paving of three squares of a street; in 1907, before the paving was begun, an amendatory ordinance was passed, authorizing the proper department "to proceed with the paving of each square......as soon as the underground structures are completed in a given square, and the bureau of surveys is hereby authorized to make measurements and furnish bills for the paving of each square immediately after the completion of the paving, the intent

being that the completion of the pavement of each square shall be the completion of the improvement as authorized by ordinance." After one square was paved, liens were filed and the validity of one of them came before this court and we sustained it. That case rules this. If, as the learned court below properly held, on the authority of decisions cited in the quotation made above, the city has the "power to change contracts for municipal improvements without the consent of the property owners located along the line of said improvement," power to assess the cost for improvements made pursuant to the change is not lost, if conditions require the work originally contemplated, to be divided into two improvements after the work has begun. This case is not ruled by that of Tarentum Borough, supra, relied on by appellee, for as pointed out in the opinion in that case (26 Pa. Superior Ct. 279-280), there was no municipal action clearly manifesting legislative intention to consider what was done under the first contract as a completed improvement, whereas in the appeal now before us the evidence shows supplementary legislation (as in Phila. v. Street) manifesting such municipal intention.

We agree with the learned court that the amount for which the assessment is made—the price per square yard multiplied by the paved area—is not the amount recoverable, unless it happen also to be the same amount as the entire cost of the paving under the second contract apportioned by the foot-front method, which fuller evidence on the subject will disclose. If the amount is wrongly stated in the claim filed, it is a proper subject for amendment. Section 35, of the Act of June 4, 1901, P. L. 364, provides: "Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended from time to time, by agreement of the parties, or by leave of the court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake

they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendments shall be of right, saving intervening rights, except that no amendment of claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim; but the description of the property may be amended so as to be made more accurate, as in other cases of amendment."

No intervening rights prevent such amendment in this case. In New Castle v. Berger's Heirs, 74 Pa. Superior Ct. 548, a claim for grading was filed, when the intention had been to file a municipal claim for the opening and grading of a street. An amendment by enlarging the claim to include the opening of the street, was refused below. We reversed and held that the statute required that amendment be allowed. In Dunmore Boro. v. Conrad, 76 Pa. Superior Ct. 473, 483, an amendment was allowed adding to a municipal claim as originally filed, certain details of the kind and character of the work done. We sustained it. In the New Castle case, Judge TREXLER said: "Apart from this, the section [35] contemplates that there shall be an end to mere technical objections to municipal liens. Where omissions are made, even though they be of what might be regarded as material facts, they may be supplied unless new rights intervene, or an entirely different property is charged. There is no reason why we should seek to limit the plainly expressed legislative intent that amendments shall be allowed barring the excepted instances." (p. 551).

The 17th assignment of error is sustained, the judgment is reversed and a new trial is awarded.