## Allegheny City *versus* Blair.

74        225
23 SC  ¹547

1. An act authorized a borough council, on the petition of a majority of owners on any street, &c., to require its grading, paving and curbing, and on like petition to require "the grading, paving and curbing of the curb-way of Bank lane and collect the costs, &c.," by an assessment on the lot-owners, provided that there should be made at the expense of the borough a "pro-tection of the same on the river side," &c. The borough contracted for grading and curbing Bank lane; and was afterwards annexed to a city by an act extending the laws relating to the city and its ordinances to the borough. One of these laws authorized the councils to grade, &c., any street, &c., and levy a special tax on the abutting lots according to their front, to pay the cost. The councils of the city entered into a new contract for curbing Bank lane next the wharf, to prevent the pavement from giving way. *Held*, that the lot-owners were liable for the costs, &c., of curbing.

2. The lot-owners in the borough were not parties to the original contract, and their consent was not necessary to its rescission.

3. Schenley v. Commonwealth, 12 Casey 60, followed.

24 P. F. SMITH—15

[Allegheny City *v.* Blair.]

October 9th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county*: Of October and November Term 1872, No. 163.

This was a municipal claim for $155.58, with interest, &c., for grading and paving River avenue, filed April 19th 1871, by the Mayor, &c., of the City of Allegheny, against a lot, &c., on the north side of River avenue, belonging to Kinder Blair.

A case stated was agreed on by the parties, and filed September 2d 1872, as follows:—

Duquesne borough, Allegheny county, was on the 5th day of May 1864, an incorporated borough. At that date the defendant's property, against which the municipal claim in this case was filed, was in said borough, and abutted upon Bank lane, now River avenue, a street of said borough, running along the bank of the Allegheny river. On said date an Act of Assembly, relative to said borough, was approved. On the 12th day of March 1867, an Act of Assembly relative to the annexation of the borough of Manchester to Allegheny City, was approved. On the 3d day of February 1868, the councils of said borough, by resolution, authorized the burgess to advertise for proposals for grading and paving said Bank lane, and on the 10th day of February following, the contract for grading and paving said Bank lane was awarded to P. F. Howley & Co., and the burgess was, by resolution, authorized to enter into an agreement therefor with said Howley & Co., which was accordingly done. On said date the said councils passed a resolution consenting to the extension of the boundary line of Allegheny City, as provided by Act of 12th March 1867. No ordinance authorizing the grading and paving of said Bank lane was ever adopted by the councils of said borough, nor was any work done thereon prior to the 11th day of June 1868. On the 18th day of March 1868, an Act of Assembly, entitled "An Act annexing a portion of Duquesne borough to Allegheny City," was approved. On the 11th day of June 1868, the councils of the city of Allegheny adopted "An ordinance relating to certain contracts made by the late borough of Duquesne," and on the 23d day of July proximo, adopted another ordinance authorizing wooden curbing on Bank lane. The new contract authorized by ordinance of the 11th day of June 1868, was duly entered into. Bank lane was graded and paved, and a proper curbing placed on the river side for its protection; and said curbing was necessary for the proper support and protection of the street. An assessment was made under the laws of the city of Allegheny for said work against defendant's property. Said assessment included his proportion of the cost of said curbing, amounting to $171.57. Defendant has paid all his assess-

ment, except said sum of $171.57, which he refuses to pay. If the court should be of opinion that under this case stated, the defendant is liable for his proportion of the cost of said curbing, then judgment to be entered against said defendant for said sum of $171.57, with interest from 1st January 1871, and costs of suit, otherwise judgment to be entered in his favor.

By the Act of 1864, referred to in the case, it was provided:—

"Sect. 1. That the council of the borough of Duquesne should have power on the petition of a majority of the property-holders on any streets, to require by ordinance the grading, paving and curbing of such street, &c., and to levy and collect the cost and expenses of such grading, paving and curbing by a pro ratâ assessment upon the feet front of property abutting, &c., on such street.

"Sect. 5. That the councils should have power on like petition to require the grading, paving and curbing of twenty feet of the curb-way of Bank lane, and collect the costs and expenses as above provided; provided that the councils shall cause to be made, at the expense of the borough, a good and permanent protection of the same on the river side of Bank lane.

"Sect. 7. On the payment by the owner of any lot of the amount of paving done within thirty days after it is completed, he shall be entitled to a credit of five per cent. from the amount, or he may then pay one-fifth, and the remainder in four annual payments with interest."

By the Act of March 12th 1867, also referred to in the case, it was provided:—

"Sect. 1. That the boundaries of the city of Allegheny should be extended so as to embrace the borough of Manchester, and that all powers conferred upon the city of Allegheny should extend over the borough 'together with all the ordinances now in force in said city.'

"Sect. 2. That all real and personal property of every nature and kind whatsoever, all taxes assessed and due, together with all moneys, debts or choses in action, or other rights whatsoever now held and possessed by said borough, or held in trust or executory contracts, or in anywise pertaining to or belonging to said borough, are hereby transferred to and vested in the city of Allegheny; and all the liabilities and indebtedness of said borough are hereby imposed upon and declared to be assumed by the said city of Allegheny, and said indebtedness and liabilities shall be paid, discharged and performed without diminution or abatement by the same.

"Sect. 4. That the said city of Allegheny shall have power to extend her northern boundaries, by a direct line from the northeast corner of the said borough of Manchester, to a point of intersection with the northern boundary of the borough of Duquesne, and from the said point of intersection to the eastern terminus of

the line of said borough of Duquesne, whenever the council of the said borough of Duquesne shall consent to the extension of the said boundary line, provided the said borough of Duquesne shall be annexed on the same terms and conditions as the said borough of Manchester."

By the Act of March 18th 1868, referred to in the case, it was provided that the boundaries of Allegheny should be extended so to embrace portions of Duquesne borough, as therein set out.

" Sect. 2. That from and after the passage of this act, all powers conferred upon said city by the various Acts of Assembly, be and the same are hereby extended to and over the inhabitants and territory hereby annexed, together with all the ordinances now in force in said city.

"Sect. 3. That the Act of Assembly incorporating the borough of Duquesne is hereby suspended over that portion of said borough that lies within the above-described boundaries, provided that said borough shall continue to exist as a corporation for a period of thirty days, to enable the officers of the borough to settle the business of said borough, and to adjust and divide the property, claims and debts of said borough, so that the part remaining as the borough of Duquesne, and the part annexed shall each receive their due proportion of property, and pay their due proportion of debts respectively based on the county valuation of said borough."

By "An Act relative to the city of Allegheny," the councils were authorized " to grade and pave any street, and shall have power to levy and collect a special tax for defraying the costs and expenses, by an equal assessment on the feet front abutting " on such street.

The Act of March 1852 provides for filing in the office of the prothonotary of the Court of Common Pleas the claim for the costs and expenses of the grading, &c.

The ordinance of the 11th of June 1868, of the councils of the city, referred to in the case, reciting the contract with Howley & Co., by Duquesne borough, for grading and paving Bank lane at the rates set out, enacted :—

Sect. 1. That the committee on streets should " enter into new contracts with the aforesaid contractors for grading and paving the street, at the same rates, with a deduction of five per cent."

Sect. 2. Authorized the levying of tax on the lots abutting on the same, in proportion to their feet front, to pay the costs and expenses.

Sect. 3. Authorized the filing of the claim in accordance with the provisions of the Act of 1852.

By ordinance of July 23d 1868, referred to in the case, the councils of the city enacted :—

" That a wooden curbing be constructed on the side of Bank

[Allegheny City *v.* Blair.]

lane, Eighth ward, next the wharf, for the purpose of preventing the pavement giving or sliding away."

On the 17th of September 1872, the court (Hampton, P. J.) entered judgment on the case stated for the defendants.

The plaintiffs took a writ of error and assigned for error, the entering judgment for the defendant.

*W. B. Rodgers,* for plaintiff in error.—Under the laws of Allegheny, the cost of curbing would be properly assessable on the property abutting on the street: Schenley and Wife *v.* The Commonwealth, 12 Casey 60; Marshall *v.* The Commonwealth, 9 P. F. Smith 455. The Annexation Act did not find any vested right in the defendant, in relation to the payment of the cost of the construction of the curbing. The property-owner is no party to the contract for paving a street. The contract may be changed and his liability increased without his consent: Marshall *v.* The Commonwealth, 9 P. F. Smith 455; Dillon on Municipal Corp., p. 609.

*J. F. Slagle* (with whom were *J. W. F. White* and *A. S. & D. W. Bell*), for defendant in error.

The opinion of the court was delivered, October 20th 1873, by

SHARSWOOD, J.—It is not disputed that the legislature has full power to extend the limits of the city of Allegheny over the borough of Duquesne, or any part of it, and to provide that all powers conferred upon the said city by the various Acts of Assembly should be extended to and over the inhabitants and territory so annexed, together with all the ordinances in force in said city, as was done by the Act of Assembly, approved March 18th 1868. What the effect of such an extension would be upon existing contracts of the borough of Duquesne, as to the grading and paving of streets, is not a question here, because the contract of the borough with P. F. Howley & Co. for the grading and paving of Bank lane, was rescinded by the parties, and a new contract entered into, under and by virtue of an ordinance of the city of Allegheny of June 11th 1868. The case stated finds expressly that such new contract was duly entered into. It is very plain that the grading and paving under this ordinance was subject to the Acts of Assembly in existence as to Allegheny City, and according to those acts " the city councils of the city of Allegheny shall have power by ordinance to grade and pave any street, lane or alley, or any parts thereof, within the corporate limits thereof, and shall have power to levy and collect a special tax for defraying the costs and expenses of the same by an equal assessment on the feet front bounding and abutting as aforesaid."

The property-owners were no parties to the original contract

[Allegheny City *v.* Blair.]

of Howley & Co. with Duquesne borough, and their consent was not necessary to its rescission : Marshall *v.* The Commonwealth, 9 P. F. Smith 455. If the laws relating to the city of Allegheny had required, as did those relating to the borough of Duquesne, the petition of a majority of the lot-holders before a street could be graded and paved, there would have been some reason for the contention that there could not be a new contract without a new petition, and that under the old petition the street could not be graded and paved, except subject to the condition that "said councils shall make or cause to be made, at the proper cost of the said borough, a good and permanent protection of the same on the south or river side of Bank lane." But as to Allegheny City no such petition is required. It is agreed by the case stated that the curbing in question was necessary for the proper support and protection of the street, and was therefore a proper part of the charge for paving, for which the defendant was liable : Schenley *v.* The Commonwealth, 12 Casey 60.

Judgment reversed ; and now, judgment for the plaintiffs against the defendant for the sum of $171.57, with interest from the 1st of January 1871.