# Perrysville Avenue. Marshall's Appeal.

*Road law—Opening of streets—Retaining walls—Assessment for benefit.*

Where a street is constructed on the side of a steep hill, and a retaining wall is built partly outside of the line of the street but necessary for the support and protection of the street, and it appears that such wall was built with the knowledge of property owners and in most cases at their request, or with their express consent, the owners are liable for assessments for benefits arising from the construction of the wall, although the wall was not actually built on their land.

Argued Nov. 3, 1904. Appeals, Nos. 116, 118, 121 and 122, Oct. T., 1904, by Estate of Thomas M. Marshall, Sr., Estate

of Stephen Mercer, J. N. Davidson and Fred D. Eshelman, from order of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 336, dismissing exceptions to report of viewers In re widening of Perrysville avenue. Before MITCHELL, C. J., DEAN, FELL, BROWN and THOMPSON, JJ. Affirmed.

Exceptions to report of viewers.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to report of viewers.

*Thomas M. Marshall, Jr.*, with him *Frank P. Sproul*, for appellants.—Private property cannot in this manner be taken and appropriated by the city, and the cost of any part of the illegal structure be charged on the property of one whose rights are thus violated : Western Penna. Ry. Co. v. Allegheny, 92 Pa. 100 ; Hershberger v. Pittsburg, 115 Pa. 78 ; Ferguson's App., 159 Pa. 39 ; Athens Boro. v. Carmer, 169 Pa. 426 ; Erie v. Moody, 171 Pa. 610.

*Stephen G. Porter*, city solicitor, with him *W. W. Stoner* and *Craig Smith*, for appellee.—The appellants are estopped : Erie v. Bier, 10 Pa. Superior Ct. 381 ; Pittsburg v. MacConnell, 130 Pa. 463.

OPINION BY MR. JUSTICE FELL, December 31, 1904 :

These appeals are from an order confirming the report of viewers assessing the costs of widening and grading Perrysville avenue in the city of Allegheny. The only question argued is whether the city could assess against the abutting properties a part of the cost of stone walls built at places along the sides of the avenue. A part of the avenue was constructed on the sides of steep hills, and at these places walls were built on the lower side to support the roadway, and on the upper to protect it from banks of earth and stone. Some of these walls were built in part and some of them wholly on the adjoining properties. None, however, were built on the land of the appellants.

The determination of the plan and manner of improving the

avenue rested with the municipal authorities, and the abutting properties were liable to assessment to the extent to which the local improvement was a permanent benefit to them. If the walls were a necessary part of the street improvement, and the right to maintain them on private property was secured by the city, their cost was properly included in the assessment. The court found that they were necessary for the support and protection of the street, that they were built with the knowledge of the property owners and in most cases at their request or with their express consent, and that the facts disclosed by the testimony estopped the owners to question the right of the city to maintain the walls. In Western Penna. Railway Co. v. Allegheny, 92 Pa. 100, relied on by the appellants, the city assumed the right to locate a retaining wall partly on the property of the railway company, and built it against the company's protest and assessed the company with the cost thereof. It was held that the building of the wall was without authority, in violation of law and a trespass, and that, since the part built on the company's property might be removed by it and the part within the line of the street was not self-sustaining and was of no value to the public, no part of the cost could be assessed from the company. In the case before us the city got by consent an easement which it could have obtained by adverse proceedings, and the structure being lawful, necessary and permanent, was properly included in the assessment of benefits.

The order confirming the report of the viewers is affirmed at the cost of the appellants.