## Callen et al. v. Callen

*Stranahan & Sampson,* for plaintiffs.

*Whiteman, Voorhies, Dilley, Keck & Rowley,* for defendant.

BRAHAM, P. J. (fifty-third judicial district, specially presiding), January 14, 1952.—This is an action of ejectment and the question for decision is whether the 17 plaintiffs and tenants in common who have ap-

peared by attorney may represent not only themselves but 11 other tenants in common who have not appeared. To sustain this procedure plaintiffs cite and rely upon Rule of Civil Procedure 2230(a), which reads as follows:

"(a) If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto".

It was stated at oral argument that this action is an outgrowth of an action to quiet title to the same lands which was brought by Gordon J. Callen against the heirs and assigns of Harriett W. Callen and of Nancy Jane Gardner at September term, 1950, no. 139, in this court. These pleadings are not, however, before us. The point for decision is here raised by the preliminary objections of Gordon J. Callen, present defendant, who contends: (1) That plaintiffs who have appeared cannot proceed for other plaintiffs without showing authority to do so; (2) that this is not a proper class action under rule 2230; (3) that the right of each tenant in common of real estate may be enforced only by that tenant on his own behalf, and (4) that plaintiffs have not set out the quantum of interest of each plaintiff. Defendant's demand is that the 11 plaintiffs who have not appeared be dropped as parties and that the 17 who remain be directed to file a more specific complaint.

The nature and extent of class actions under Procedural Rule 2230 must be considered. This rule adopts prior practice under Pennsylvania Equity Rule 16 and Federal Rule of Civil Procedure 23(a). The theory of such actions has developed chiefly under the Federal rules. There are, in general, three types of

class action: First, the "true" class action; second, the "hybrid" class action; third, the "spurious" class action: Federal Rule 23, 28 U. S. C. 82 et seq.; Goodrich Amram Notes 2230(a); 6 Cyclopedia of Federal Procedure, §§2305-2313; 4 Anderson's Pa. Civil Practice, 345-357.

The true class action is one where the "character of the right sought to be enforced for or against the class is joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it": Federal Rule 23(a)(1), 28 U. S. C. 82. Typical examples are a taxpayer's action (Gericke et al. v. Philadelphia et al., 353 Pa. 60-63) an action by the beneficiaries of a trust against the trustee, or a secondary or derivative stockholders' suit; 4 Anderson's Pa. Civil Practice 346. The right is common to all members of the class; Ashcom et al. v. Westmont Borough, 298 Pa. 203, 208.

The typical example of a "hybrid" class action is a creditor's bill for appointment of a receiver for a corporation. Here the rights asserted are individual rights but the relief sought will inure to the benefit of all creditors: 6 Cyclopedia of Federal Procedure, §2306.

The third type is the "spurious" class action. Here the rights are "several, and there is a common question of law or fact affecting the several rights and a common relief is sought": Federal Rule 23(a)(3), 28 U. S. C. 83. A typical example is a suit by individual purchasers of stock to recover purchase money when they had been induced to buy the stock by a common fraudulent representation: Independence Shares Corporation et al. v. Deckert et al., 108 F. 2d 51; Pennsylvania Company for Insurances, etc., v. Deckert et al., 123 F. 2d 979. " 'The spurious' class suit is obviously closely related to the permissive joinder of parties en-

visaged by Federal Rule 20 (*a*) and, apart from the jurisdictional element peculiar to the Federal courts liberal permissive joinder principles might make use of the class suit in some situations unnecessary, or perhaps on the other hand provide a basis for a representative joinder": 6 Cyclopedia of Federal Procedure 413, §2307.

With these observations on the nature of class actions we approach the precise question before the court. Are tenants in common of real estate such a class as permits some to proceed for all? At common law the answer is clear; it may well be summarized by quoting from Mobley v. Bruner, 59 Pa. 481, 483 as follows:

"Tenants in common have several and distinct titles and estates, independent of each other, so as to render the freehold several also. They are separately seised, and there is no privity of estate between them. And consquently they must sue separately in actions that savor of the realty, though they join in actions relating to some entire and indivisible thing, and in actions of trespass relating to the possession, and in debt for rent but not in an avowry for rent: Tillinghast's Adam's Eject. 210; 4 Kent Com. 369.

"Even joint tenants, who are regarded as having one entire and connected right, and are said to be seized *per my et per tout,* each having the entire possession as well of every parcel as of the whole, cannot sue separately for themselves, or for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate: 1 Tho. Co. Litt. 736; Milne v. Cummings, 4 Yeates 577.

"If tenants in common are separately seised, and there is no privity of estate between them, if they must sue separately, or join according to the circumstances of the case, the nature and cause of the action, or the character of the injury to be redressed, it follows as a necessary corollary that one tenant in common cannot

maintain ejectment or sue and recover in any form of action for the interest and benefit of the others."

Obviously tenants in common are not a class within the meaning of a true class suit. Their interests are several, direct and definite. Their position is not similar to that of outraged taxpayers whose elected public officer refuses to act to conserve public money and who are forced to act for themselves and all other taxpayers. Neither do tenants in common resemble creditors seeking a receiver for a corporation, the typical instance of a "hybrid" class action.

If tenants in common are a class for the purpose of bringing a class action under rule 2230, they must form a class of the "spurious" type. The advantage of allowing some kind of joinder by tenants in common in an action of ejectment is at once apparent. Thus the common-law rule requiring separate suits, in time, yielded to the rule allowing joint suits but only at the risk of failure if complete title could not be made out: Davis v. Coblens, 174 U. S. 719, 43 L. Ed. 1147, 1150.

The Act of June 25, 1937, P. L. 2072, 12 PS §159.1, liberalized practice in Pennsylvania by authorizing joinder on a very wide basis of plaintiffs "whose actions would give rise to any common question of law or fact". Even so plaintiffs were required actually to appear: Smith's Estate, 338 Pa. 258. This statute was suspended in 1940 by the procedural rules on the subject of Joinder of Parties. The portions of rule 2229 as they apply to the case at bar are as follows:

"2229(a) Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action. . . .

"2229(e) In an action to adjudicate title to or an interest in real or personal property.

"(1) persons whose claims are not adverse to each other may join as plaintiffs;

"(2) any person whose claim is adverse to that of the plaintiff may be joined as a defendant. Adopted June 7, 1940. Eff. Feb. 5, 1941.

"Note: This subdivision applies to actions to adjudicate the title to or an interest in real or personal property but not to actions to recover for damages to such property. The joinder of parties in an action for damages to personal or real property is already regulated by subdivisions (a) and (b) of this Rule."

It will at once be observed that the joinder of the 17 plaintiffs who have appeared by counsel is in strict compliance with the Rules of Civil Procedure. Clearly also any of the 11 missing tenants in common may join if they want to. But are those who have appeared entitled to represent those who have not? Each has his separate interest which may be separately aliened and encumbered: Stewart v. Cummings, Admr., 109 Pa. Superior Ct. 57; Cotenancy, 14 Am. Jur. 146, §81. One cotenant may deprive another cotenant of his interest by adverse possession: Phillips v. Gregg, 10 Watts 158; Adverse Possession, 1 Am. Jur. 822, §53. The claim of defendant against each plaintiff presents a separate issue. The issues are consolidated for convenience on trial.

There are constitutional objections to allowing any person who wishes to start a suit for someone else and to prosecute it to a conclusion. We begin with the principle that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process: Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In Hansberry et al. v. Lee et al., 311 U. S. 32, 85 L. Ed. 22, the Supreme Court, while affirming the possibility of a class suit in which some may represent all parties and cause their rights to be determined,

the case before the court, in which there were restrictive covenants on land which ran to each several owners, was held not one of them. In Guter et al. v. Donaldson Iron Co., 69 D. & C. 150, 155, 157, it was held that wage claimants might unite to recover back wages but, said Judge Henninger of Lehigh County: "We cannot believe that Pa. R. C. P. 2230 (*a*) intended to constitute the members who first sued as trustees for all other members." Just so in the case at bar we cannot authorize part of the coöwners to obtain a decision about the rights of absent owners who know nothing about the suit.

The 17 tenants in common who have appeared may not represent the 11 cotenants who have not appeared. Nevertheless, under general principles of intervention these absent parties may intervene in this action without further order of court. For the present, however, those who have appeared up to the date of this order are parties, the others are not.

Preliminary complaint has also been made concerning the lack of a statement concerning the actual ownership of each plaintiff. Since each proceeds in his own right it is proper to require a statement as to what the several rights are.

Entertaining these views, we make the following

### Order

Now, January 14, 1952, the preliminary objections filed by defendant in this case are sustained and all those plaintiffs who have not appeared in the action on or before the date of the filing of this order shall be dropped from the record as plaintiffs. Those plaintiffs who remain shall file an amended complaint duly endorsed with notice to defendant to answer, setting out the amounts of their several interests in the land.